UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JORGE NIETO and MARIO GARCIA, individually and on
behalf of others similarly situated,

                                      Plaintiffs,

                -against-                                          <u>COLLECTIVE ACTION</u>
                                                                           <u>COMPLAINT</u>
2249 CORP. and 22 E. 49TH ST. FOOD CORP., jointly
d/b/a LIBERTY DELI & PIZZA, JESSICA GUPTA,
SANJIV CHAND and SAMY ELFOULLY jointly and
severally,

                                        Defendants.
-------------------------------------------------------------------------x

        Plaintiffs, Jorge Nieto and Mario Garcia, individually and on behalf of all others similarly situated, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

        1.     Plaintiffs were hourly deli employees at defendants' deli business located at 22 E. 49th Street, County of New York, State of New York (hereinafter "Liberty Deli & Pizza"). Plaintiffs bring this action to recover minimum wages and overtime premium pay pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiffs also bring claims for defendants' failure to provide proper wage notices and wage statements pursuant to the NYLL and the supporting regulations.

        2.     Plaintiffs bring their FLSA minimum wage and overtime premium pay claims on behalf of themselves and all other similarly situated employees of defendants and their NYLL minimum wage, overtime premium pay, and failure to provide wage notices and wage statements claims on behalf of themselves as individual plaintiffs.

1

## JURISDICTION AND VENUE

3. With respect to the federal claims ascertained herein, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1343. With respect to the state law claims ascertained herein, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1) because two of the defendants reside in this Judicial District and the acts and/or omissions giving rise to the instant Complaint took place in this Judicial District.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### Plaintiffs

6. Plaintiff JORGE NIETO ("plaintiff Nieto") has been, at all times relevant, an adult residing in Queens County, New York.

7. Plaintiff MARIO GARCIA ("plaintiff Garcia") has been, at all times relevant, an adult residing in Queens County, New York.

8. Throughout the relevant time period, plaintiffs performed work for defendants at Liberty Deli & Pizza located in Manhattan, 22 E. 49th Street, County of New York, State of New York.

9. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and their written consents forms are incorporated hereto by reference.

Defendants

10. Upon information and belief, including data contained in the database of the New York Department of State, Division of Corporations, corporate defendant 2249 Corp. d/b/a Liberty Deli & Pizza is a New York Corporation with its principle place of business at 22 East 49th Street, New York, New York, 10017, and has been active since July 14, 1995.

11. Upon information and belief, including data contained in the database of the New York Department of State, Division of Corporations, corporate defendant 22 E. 49th Street Food Corp. d/b/a Liberty Deli & Pizza is a active New York Corporation with its principle place of business at 22 East 49th Street, New York, New York, 10017, and has been active since January 6, 2010.

12. Upon information and belief, including information provided by plaintiffs, at all times relevant, individual defendant Sanjiv Chand ("defendant Chand") has been co-owner, manager and operator of Liberty Deli & Pizza. Upon data contained in the database of the New York Department of State, Division of Corporations, defendant Chand is the Chief Executive Officer of corporate defendant 2249 Corp.

13. Upon information and belief, including information provided by plaintiffs, at all times relevant, individual defendant Samy Elfoully ("defendant Elfoully") has been co-owner, manager and operator of Liberty Deli & Pizza. Upon data contained in the database of the New York Department of State, Division of Corporations, defendant Elfoully is the Chief Executive Officer of corporate defendant 22 E. 49th St. Food Corp.

14. Upon information and belief, including information provided by plaintiffs, at all times relevant, individual defendant Jessica Gupta ("defendant Gupta") has been the manager, book keeper and accountant of Liberty Deli & Pizza.

15. Defendants Chand, Elfoully and Gupta constitute the "individual defendants" and collectively with corporate defendants, the "defendants."

16. The individual defendants participated in the day-to-day operations of the corporate defendants and acted intentionally and maliciously in their direction and control of plaintiffs and the corporate defendants' other similarly situated employees, and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations promulgated thereunder, and are jointly and severally liable with the corporate defendants.

17. At all times relevant, defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

18. At all times relevant, defendants employed, and/or continue to employ, plaintiffs and each of the Collective Action Plaintiffs within the meaning of the FLSA.
At all times relevant, plaintiffs and the Collective Action Plaintiffs were employed by defendants within the meaning of the NYLL, §§ 2 and 651.

19. Upon information and belief, at all times relevant, the corporate defendants have had gross revenues in excess of $500,000. Specifically, Liberty Deli & Pizza is a popular chain restaurant deli with over ten delis operating in the New York metropolitan area. The Liberty Deli & Pizza located at 22 East 49th Street, New York, New York, 10017 services an average of 200 customers on Mondays through Thursdays and an average of 350 customers on Fridays through Sundays. According to information provided on the Liberty Deli & Pizza Menupages website, located at the URL address http://www.menupages.com/restaurants/liberty/, Liberty Deli & Pizza offers a wide array of food options, and the "Daily Specials" cost an average of $9.50. Thus,

plaintiffs calculate that at all times relevant, Liberty Deli & Pizza has earned revenues averaging $17,575.00 per week, and accordingly, $913,900.00 per year.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. §§ 206 and 207, and 29 § C.F.R. 531.35, plaintiffs bring their First and Second Claims for Relief as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by defendants at any time since October 11, 2013 and through the entry of judgment in this case (hereinafter, the "Collective Action Period") who worked as hourly deli employees (the "Collective Action Plaintiffs").

21. A collective action is appropriate in this circumstance because plaintiffs and the Collective Action Plaintiffs are similarly situated, in that they were all subjected to defendants' illegal policies of: failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, plaintiffs and the Collective Action Plaintiffs did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

22. Plaintiffs and the Collective Action Plaintiffs have similar job duties and are compensated in accordance to a similar, if not the same, payment structure.

## PLAINTIFFS' NYLL ALLEGATIONS

23. Plaintiffs brings their Third through Sixth Claims for Relief pursuant to NYLL for the periods that they were employed by defendants between October 11, 2010 and on or about March 15, 2016.

24. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully, and knew that the violation of NYLL would economically injure plaintiffs.

25. Defendants unlawfully failed to plaintiff Garcia at the required minimum wage rate as provided by NYLL.

26. Plaintiffs regularly worked in excess of forty (40) hours per workweek.

27. Defendants unlawfully failed to pay plaintiffs at the overtime premium rate as provided by NYLL for all hours in excess of forty (40) in a workweek.

28. Defendants failed to provide plaintiffs with yearly wage notices and weekly wage statements as required by NYLL § 195 *et seq.*

## STATEMENT OF FACTS

### Defendants' Business

29. At all times relevant, defendants have been in the deli business.

30. Upon information and belief, including data contained in the database of the New York Department of State, Division of Corporations, both corporate defendants' businesses are located at 22 E. 49th Street, New York, New York, and both corporate defendants run a deli business.

31. Upon information and belief, corporate defendants 2249 Corp. and 22 E. 49th St. Food Corp. are joint corporate owners of Liberty Deli & Pizza.

32. Upon information and belief, including information provided by plaintiffs, at all times relevant, defendant Chand has been a manager, owner and operator of Liberty Deli & Pizza. At all times relevant, defendant Chand has had the power to set Liberty Deli & Pizza's payroll policies, including the unlawful practices complained of herein. In addition, throughout the relevant period, defendant Chand has had the power to hire and fire employees, set schedules and wage rates, determine Liberty Deli & Pizza's policies with respect to payroll, and otherwise run the business of Liberty Deli & Pizza.

33. Upon information and belief, including information provided by plaintiffs, defendant Elfoully has been a manager, owner and operator of Liberty Deli & Pizza. At all times relevant, defendant Elfoully has had the power to set Liberty Deli & Pizza's payroll policies, including the unlawful practices complained of herein. In addition, throughout the relevant period, defendant Elfoully has had the power to hire and fire employees, set schedules and wage rates, determine Liberty Deli & Pizza's policies with respect to payroll, and otherwise run the business of Liberty Deli & Pizza.

34. Upon information and belief, including information provided by plaintiffs, defendant Gupta has been a manager, book keeper and accountant of Liberty Deli & Pizza. At all times relevant, defendant Gupta has had the power to set Liberty Deli & Pizza's payroll policies, including the unlawful practices complained of herein. In addition, throughout the relevant period, defendant Gupta has had the power to set wage rates and determine Liberty Deli & Pizza's policies with respect to payroll.

35. Upon information and belief, at all times relevant, the corporate defendants along with the individual defendants jointly have owned, operated and managed Liberty Deli & Pizza together as a single integrated business.

36. At all times relevant, the individual defendants jointly and severally have had the power to, *inter alia*, hire, fire and supervise the employees of Liberty Deli & Pizza, set the schedules of the employees of Liberty Deli & Pizza, determine the terms and conditions of employment of the employees of Liberty Deli & Pizza, determine the rate and methods of payment of the employees of Liberty Deli & Pizza, maintain employment records for the employees of Liberty Deli & Pizza, and set the policies and procedures with respect to payroll at Liberty Deli & Pizza.

7

### Plaintiffs' Work for Defendants

*Plaintiff Nieto*

37. Nieto was employed as an hourly deli worker where he was responsible for food and beverage preparation, deliveries and cleaning from 2002 until on or about March 3, 2016 at Liberty Deli & Pizza.

38. At all times relevant, Nieto worked approximately 55 hours per week and was paid a flat rate of $400 per week.

39. Defendants provided Nieto with paystubs indicating that he was paid an hourly rate of $10 per hour for forty (40) hours each week, and the same paystubs also reflected time records indicating that Nieto worked an average of 55 hours per week.

*Plaintiff Garcia*

40. Garcia was employed as an hourly deli worker where he was responsible for food and pizza preparation and cleaning from 2004 until on or about March 15, 2016 at Liberty Deli & Pizza.

41. At all times relevant, Garcia worked approximately 48 hours per week and was paid a flat rate of $270 per week.

42. At no point did defendants provide Garcia with wage statements with his wages.

### Defendants' Unlawful Corporate Policies

43. Throughout the relevant time period, defendants did not maintain a standardized timekeeping system in order to accurately record the number of hours that plaintiffs and the Collective Action Plaintiffs worked each week. As such, defendants' employees were not paid: minimum wage for all hours worked and overtime premiums for hours worked in excess of forty (40) in a given week.

44. Throughout the relevant time period, upon information and belief, defendants have employed other deli workers and hourly employees who similarly worked in excess of forty (40) hours per week and were similarly not paid overtime premiums for hours worked over forty (40). Defendants' failure to pay plaintiffs and the Collective Action Plaintiffs overtime compensation of one and one half (1.5) times their regular hourly rate for hours over forty (40) each week was a corporate policy of defendants, which applied to all of their hourly employees throughout the relevant period.

45. Defendants did not provide plaintiffs with wage notices at the time of hire or by February 1 of each year.

46. Plaintiffs and the Collective Action Plaintiffs were all paid pursuant to the same corporate policies of defendants, including failing to pay at least minimum wage for all hours worked and failing to pay overtime premiums.

### FIRST CLAIM FOR RELIEF
**(FLSA Unpaid Minimum Wage, 29 U.S.C. §§ 201 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the Collective Action Plaintiffs)**

47. Plaintiffs, on behalf of themselves and the Collective Action Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

48. By failing to pay minimum wage for all hours worked, defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Defendants' failure to pay minimum wages for all hours worked caused plaintiffs and the Collective Action Plaintiffs to suffer loss of wages and interest thereon, as well as

substantial emotional distress. Therefore, plaintiffs and the Collective Action Plaintiffs are entitled to recover from defendants their unpaid compensation, compensatory damages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b), along with such other relief that the Courts deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FLSA Unpaid Overtime, 29 U.S.C. §§ 201 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the Collective Action Plaintiffs)

51.     Plaintiffs, on behalf of themselves and the Collective Action Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

52.     By failing to pay minimum wage for all hours worked, defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

53.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54.     Defendants' failure to pay overtime premiums for all hours worked in excess of forty (4) in a given workweek caused plaintiffs and the Collective Action Plaintiffs to suffer loss of wages and interest thereon, as well as substantial emotional distress. Therefore, plaintiffs and the Collective Action Plaintiffs are entitled to recover from defendants their unpaid compensation, compensatory damages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b), along with such other relief that the Courts deems just and proper.

### THIRD CLAIM FOR RELIEF
(NYLL Unpaid Minimum Wage, NYLL §§ 650 *et seq.*, Brought by Plaintiffs)

55. Plaintiffs, on behalf of themselves, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

56. By failing to pay minimum wage for all hours worked, defendants have violated and continue to violate the NYLL and the regulations promulgated thereunder.

57. Defendants' failure to pay minimum wages for all hours worked caused plaintiffs to suffer loss of wages and interest thereon, as well as substantial emotional distress. Therefore, plaintiffs entitled to recover from defendants their unpaid compensation, compensatory damages, liquidated damages, reasonable attorneys' fees, and costs, pre-judgment and post-judgment interest, injunctive and declaratory relief, and disbursements of the action pursuant to NYLL §§ 663(1) *et al.*, along with such other relief that the Courts deems just and proper.

### FOURTH CLAIM FOR RELIEF
(NYLL Unpaid Overtime, NYLL §§ 650 *et seq.*, Brought by Plaintiffs)

58. Plaintiffs, on behalf of themselves, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

59. By failing to pay overtime premiums for all hours worked in excess of forty (40) in a given week, defendants have violated and continue to violate the NYLL and the regulations promulgated thereunder.

60. Defendants' failure to pay overtime premiums for all hours worked in excess of forty (40) in a given workweek caused plaintiffs to suffer loss of wages and interest thereon, as well as substantial emotional distress. Therefore, plaintiffs are entitled to recover from defendants their unpaid compensation, compensatory damages, liquidated damages, reasonable attorneys' fees, and costs, pre-judgment and post-judgment interest, injunctive and declaratory

relief, and disbursements of the action pursuant to NYLL §§ 663(1) *et al.,* along with such other relief that the Courts deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Provide Wage Notice, NYLL § 195(1), Brought by Plaintiffs)

61. Plaintiffs, on behalf of themselves, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

62. Defendants have willfully failed to supply plaintiffs notice as required by Article 6, § 195(1), on the date of hire and February 1 of each year, in English or in the language identified by plaintiffs as their primary language, containing plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer, and any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

63. Due to defendants' violations of the NYLL, between April 9, 2011 and February 26, 2015, plaintiffs are entitled to recover from defendants fifty dollars ($50) per employee for each workweek that the violations occurred, for a maximum total of twenty-five hundred dollars ($2,500) per employee; and between February 27, 2015 and final judgment of this matter, plaintiffs are entitled to recover from defendants fifty dollars ($50) per employee for each workday that the violations occurred or continue to occur, for a maximum total of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, § 198(1-b), liquidated

damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

### SIXTH CLAIM FOR RELIEF
**(NYLL Failure to Provide Wage Statement, NYLL § 195(3), Brought by Plaintiffs)**

64. Plaintiffs, on behalf of themselves, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

65. Defendants have willfully failed to supply plaintiffs wage statements with their pay each week as required by Article 6, § 195(3).

66. Due to defendants' violations of the NYLL, between April 9, 2011 and February 26, 2015, plaintiffs are entitled to recover from defendants one-hundred dollars ($100) per employee for each workweek that the violations occurred, for a maximum total of twenty-five hundred dollars ($2,500) per employee; and between February 27, 2015 and final judgment of this matter, plaintiffs are entitled to recover from defendants one-hundred dollars ($100) per employee for each workday that the violations occurred or continue to occur, for a maximum total of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, § 195(3), liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

### RELIEF SOUGHT

**WHEREFORE**, plaintiffs, on behalf of themselves and the Collective Action Plaintiffs, request relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the Collective Action Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class and designation of plaintiffs as representatives of the Collective Action Plaintiffs;

B. An order declaring that defendants violated the FLSA in the manners stated in this complaint;

C. An order declaring that defendants' violations of the FLSA were willful;

D. An order declaring that defendants violated the NYLL in the manners stated in this complaint;

E. An order declaring that defendants' violations of the NYLL were willful;

F. An order tolling the statute of limitations;

G. An award of overtime compensation under the FLSA and NYLL;

H. An award of minimum wage compensation under the FLSA and NYLL;

I. An award of compensation for defendants' notice and record-keeping violations under NYLL;

J. An award of liquidated damages pursuant to the FLSA;

K. An award of liquidated damages pursuant to NYLL;

L. An award of compensatory damages for the emotional distress;

M. All penalties available under the applicable laws;

N. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

O. Interest as provided by law; and

P. Such other relief as this Court deems just and proper.

Dated: New York, New York
       October 11, 2016

                                        Respectfully submitted,

                                        Mirer Mazzocchi Schalet Julien & Chickedantz, PLLC

                                        _____

                                        By: Maria L. Chickedantz
                                        *Attorney for Plaintiffs*
                                        150 Broadway, Suite 1200
                                        New York, NY 10038
                                        (212) 231-2235
                                        maria@mmsjlaw.com